STATE EX REL. RICHARD L. SIMONSON v.
RALPH H. TAHASH.

157 N. W. (2d) 84.

February 23, 1968—No. 40,896.

C. Paul Jones, State Public Defender, R. J. Wolf, and Rosalie Wahl, for appellant.

Douglas M. Head, Attorney General, and David J. Byron, Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from an order of the district court discharging a writ of habeas corpus.

On April 29, 1959, defendant pleaded guilty to the charge of robbery in the first degree (Minn. St. 1961, § 619.42, now superseded by Minn. St. 609.245). He was represented by the public defender of Ramsey County. He was arraigned and a guilty plea was interposed. He was also charged under the recidivist statute with two prior convictions, i. e., second-degree forgery and use of an automobile without the owner's permission. He pleaded guilty.

First-degree robbery was punishable by imprisonment for not less than 5 nor more than 40 years.[1] The prior convictions exposed defendant to a possible term of from 10 to 80 years' imprisonment.[2] He was sentenced to a term of not less than 10 nor more than 20 years. Another information then pending charging robbery of a filling station, to which he had pleaded not guilty, was dismissed.

At the time the plea was interposed, defendant admitted committing other robberies of which he was not formally accused and acknowledged the facts of the particular crime with which he was charged and to which he pleaded guilty. Upon inquiry, defendant assured the court that he was entering his plea of guilty voluntarily.

In the district court habeas proceedings, defendant testified that he pleaded guilty in reliance upon the statement of the public defender to the effect that if he did not plead guilty he would, if tried and found guilty of the offense charged and of the prior convictions, be sentenced to 80 years' imprisonment, but if he pleaded guilty, he would receive a sentence of not more than 20 years. Defendant also claimed at the habeas hearing that he was told that if he was tried on the principal charge and acquitted, the state could continue to try him on other charges until a conviction was obtained. Defendant did not claim and does not now claim to be innocent of the charge to which he pleaded guilty on April 29, 1959.

---

[1] See, Minn. St. 1961, § 619.42.
[2] Minn. St. 1961, § 610.28.

The habeas court ordered defendant's attorney to subpoena the attorney who had represented the defendant at his original plea and conviction. Testifying, the public defender acknowledged that in certain cases it was his practice to speak to the trial judge about a limited sentence in the event of a guilty plea and to communicate such conversation to his client. Although he had no specific recollection of any conversation with defendant in this regard, he stated that predictions as to the maximum term which would be imposed in the event of a plea of not guilty were never made either by the trial judge involved or the public defender.

The trial judge in denying the petition for a writ of habeas corpus after a full evidentiary hearing, wrote in his memorandum:

"* * * There was nothing adduced at either hearing which supported the petitioner's position other than petitioner's own testimony. There was in the original transcript of the arraignment and sentencing unequivocal testimony under oath by the petitioner that there were no promises or inducements made or given to him to induce him to plead guilty and that his plea was entirely voluntary."

The disposition of this matter by the trial judge is amply sustained by the record. Cf. State v. Jones, 267 Minn. 421, 127 N. W. (2d) 153; State v. Roberts, 279 Minn. 319, 156 N. W. (2d) 760.

Affirmed.